UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOMINIC J. SMITH,<br><br>         Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No: C 09-2717 SBA<br><br>2255 MOT. – See CR 07-00467 SBA<br><br>**ORDER** |

On July 2, 2008, Petitioner Dominic J. Smith was sentenced to a term of 140 months in the custody of the Bureau of Prisons following his guilty plea to Possession with Intent to Distribute and Distribution of Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1). The parties are presently before the Court on Petitioner's: (1) Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"); and (2) motion for a sentence reduction under the Fair Sentencing Act of 2010. Having read and considered the papers filed in connection with these matters, and being fully informed, the Court hereby DENIES the motions for the reasons set forth below.

I.     **BACKGROUND**

On July 19, 2007, the United States ("the Government") charged Petitioner with three counts of Possession with Intent to Distribute and Distribution of Crack Cocaine, 21 U.S.C. § 841(a)(1). These charges arose from incidents occurring on December 8, 2006, January 25, 2007 and February 8, 2007.

On March 5, 2008, Defendant, then represented by Assistant Federal Public Defender Joyce Leavitt, entered a guilty plea to Count One based on the December 8, 2006 incident, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). Dkt. 24.

The plea agreement included a waiver of Petitioner's right to appeal or collaterally attack his sentence, except as to a claim based on ineffective assistance of counsel.

In his Plea Agreement, Petitioner acknowledged that he is a Career Offender under U.S.S.G. § 4B1.1(b)(C) and that his Criminal History Category is VI. Based on an adjusted offense level of 29 and Criminal History Category VI, Petitioner agreed to a Guideline range of 151 to 188 months. Plea Agt. ¶ 7.

On June 23, 2008, the Court accepted Petitioner's guilty plea. Dkt. 31. Although the Probation Department recommended a sentence of 151 months, Petitioner's counsel moved for a downward departure to 140 months which the Government did not oppose. The Court therefore sentenced Petitioner to 140 months in custody, and imposed a term of 5 years of supervised release, restitution and a mandatory special assessment of $100.

On June 18, 2009, Petitioner filed a form 2255 motion alleging a single claim for ineffective assistance of counsel. Dkt. 37. The following day, Petitioner filed a memorandum ostensibly in support of his motion. Dkt. 38. The Government subsequently filed an opposition to the motion. Dkt. 41.

On December 27, 2010, Petitioner filed a "Motion under Fed. R. Evid. 201," Dkt. 44, which the Court liberally construed as a motion for a reduction in sentence under the Fair Sentencing Act of 2010, Dkt. 45. The Government filed a response to the motion on April 25, 2011. Petitioner filed a Traverse on May 9, 2011. Dkt. 47.

## II.    LEGAL STANDARD

Title 28, United States Code, section 2255 permits federal prisoners to file motions to set aside or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Where the petitioner does not allege lack of jurisdiction or constitutional error, relief under section 2255 is inappropriate unless the alleged error resulted in a "complete miscarriage of justice or in a proceeding inconsistent

with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995).

## III. DISCUSSION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

There is a two-prong test applicable to claims for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 688 (1984). First, the defendant must show "that counsel's representation fell below an objective standard of reasonableness." Id.; see also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001). The defendant must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance which, under the circumstances, might be considered sound trial strategy. United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 468 U.S. at 687.

To satisfy the second prong, petitioner must establish that he was also prejudiced by counsel's substandard performance. See Gonzalez v. Knowles, 515 F.3d 1006, 1014 (9th Cir. 2008) (citing Strickland, 466 U.S. at 694). Under Strickland, "[o]ne is prejudiced if there is a reasonable probability that but-for counsel's objectively unreasonable performance, the outcome of the proceeding would have been different." Id. Judicial scrutiny of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689. A claim for ineffective assistance of counsel fails if either one of the prongs is not satisfied. See Strickland, 466 U.S. at 697.

Petitioner does not challenge the fact that he entered a guilty plea; rather, he alleges that his counsel was ineffective in three respects by not seeking a further downward departure, as follows:

> (1) Because the Court had already deviated below the low end of the Career Offender applicable guideline, the sentence now rested on the drug guideline in subsection 2D1.1 and not the career offender section, (2) counsel was free to argue the disparity between Smith's sentence and those who pleaded and received a downward variance base[d] upon the fast-track programs available in this Court, and (3) that the crack

**1**
**2**
> guidelines are not the product of empirical data, of congress [sic] meddling in their expert judgment.

**3** Mem. at 2, Dkt. 38.  None of these contentions is meritorious.

**4** First, there is no dispute by Petitioner that based on his prior criminal record he **5** qualifies as a career offender and that he was sentenced consistent with those provisions **6** and in accordance with his Plea Agreement.  As for Petitioner's claim that his counsel **7** should have sought a sentence under U.S.S.G. § 2D1.1 as opposed to the career offender **8** provisions, such an argument would have been contrary to the Plea Agreement.  Moreover, **9** Petitioner cites to no authority for the illogical proposition that the granting of a downward **10** departure necessarily renders the career offender provisions set forth in U.S.S.G. § 4B1.1 **11** inapplicable.

**12** Second, there was no error in counsel's alleged failure to argue that the Court should **13** take into account disparities involving fast-track sentences.  "The fast-track program allows **14** federal prosecutors to offer shorter sentences to defendants who plead guilty at an early **15** stage in the prosecution and agree to waive appeal and other rights." United States v. **16** Gonzalez-Zotelo, 556 F.3d 736, 739 (9th Cir. 2009).  However, fast-track sentences are not **17** available for drug trafficking offenses in this District.  See Gov. Opp'n at 5.  Furthermore, **18** while district courts now are permitted to consider disparities between fast-track and non **19** fast-track districts, see Kimbrough v. United States, 552 U.S. 85 (2007), the Ninth Circuit **20** has held that the district court is not obligated to do so, see Gonzalez-Zotelo, 556 F.3d at **21** 739-40.  As such, Petitioner has not shown that counsel's performance was either deficient **22** or prejudicial.

**23** Finally, Petitioner's complaints regarding Congress and the Sentencing Guidelines **24** as they relate to crack have no bearing on whether his counsel's representation fell below **25** an objective standard of reasonableness.

**26** In sum, the Court finds that Petitioner has failed to overcome the presumption that **27** his counsel's performance was within a wide range of reasonable professional assistance. **28** Nor has he demonstrated that, but for any alleged errors by his counsel, which have not

been demonstrated, he would have received a shorter sentence.  Petitioner's claim of ineffective assistance of counsel is therefore denied.

### B.   FAIR SENTENCING ACT OF 2010

The Fair Sentencing Act of 2010 took effect on August 3, 2010.  Dorsey v. United States, 132 U.S. 2321, 2326 (2012).  Among other things, the Act increased the amount of drugs necessary to trigger mandatory minimum sentences for crack cocaine trafficking offenses, and effectively lowered the 100-to-1 crack-to-powder ratio to 18-to-1.  Id. at 2329.

Petitioner argues that he is entitled to a sentence reduction under the Act.  Recent Supreme Court authority, however, forecloses Petitioner's argument.  In Dorsey, the Supreme Court held that the Act's more lenient penalties apply to offenders who committed a crack cocaine offense before the effective date of the Act, i.e., August 3, 2010, but who were sentenced after that date.  Id. at 2321.  Defendant was sentenced on June 23, 2008, well before the effective date of the Act.  Because the Act does not apply to Petitioner, his motion for reduction of sentence is denied.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Petitioner's 2255 motion and motion for reduction of sentence are DENIED.  The Clerk shall close the file and terminate any pending matters, including but not limited to Docket 37 and 44.

IT IS SO ORDERED.

Dated:  September 24, 2012

_Saundra B. Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge